IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00203-RJC

| | | |
|---|---|---|
| KASEEM PENNINGTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRUSTEE SERVICES OF CAROLINA, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint (Doc. No. 1) under 28 U.S.C. § 1915 and motion to proceed *in forma pauperis* (Doc. No. 2). Also before the Court is Plaintiff's "Motion for an Emergency Temporary Injunction and or a Temporary Injunction and Request for Hearing via Phone." (Doc. No. 3).

   I.   **IN FORMA PAUPERIS**

Federal law requires that a party instituting a civil action in federal district court pay a filing fee or be granted leave to proceed without prepayment of fees and costs. See 28 U.S.C. §§ 1914(a), 1915(a)(1). To establish an inability to pay, the plaintiff must submit an affidavit that includes a statement that the person is unable to pay such fees.

According to Plaintiff's *in forma pauperis* ("IFP") motion, he and his spouse have a combined average monthly income of $1,200.00, and four minor dependents. (IFP Mot. 1, 3, Doc. No. 2). He denies any assets owned or held by himself or his spouse. He provides minimal information about his family's expenses. Nevertheless, the Court is satisfied that Plaintiff has insufficient funds to pay the filing fee. Accordingly, his IFP motion shall be granted.

1

## II. DISCUSSION

### A. Initial Review of Complaint

Because Plaintiff is proceeding in forma pauperis, the Court must conduct an initial review of the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Plaintiff filed this action on April 20, 2018. (Doc. No. 1.) While the Complaint purports to be seven pages in length, the Clerk of Court received only pages 1, 3, 5, and 7. (Doc. No. 1.) Therefore, the Court is unable to determine the full nature of the claims raised or whether it has subject matter jurisdiction over this action. This prevents the Court from conducting its required initial review.

Plaintiff shall be directed to file an amended complaint with the missing pages from his original Complaint. Plaintiff should label his document as an amended complaint. Failure to file an amended complaint shall result in dismissal of this action without further notice.

### B. Motion for Temporary Injunction

On May 2, 2015, Plaintiff filed a motion for a temporary injunction to enjoin Defendants from enforcing a "fraudulent tax-lien foreclosure sale." (TRO Mot. 2, Doc. No. 3). This Court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). Plaintiff has presented no evidence that he has provided Defendants notice of his motion for an injunction. Therefore, the Court may not grant Plaintiff a preliminary injunction. See id.

The Court may issue a temporary restraining order ("TRO") without notice to the defendants only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney (or, here, the pro se movant) certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). As an initial matter, Plaintiff has not certified in writing any efforts made to give Defendants' notice of his Motion or any reasons why notice should not be required. See id. at Rule 65(b)(1)(B). Nor has he filed an affidavit stating specific facts clearly showing that immediate and irreparable injury, loss, or damage will result before Defendants can be heard in opposition. See id. at Rule 65(b)(1)(A).

The standard for a temporary restraining order is the same as that for a preliminary injunction. See Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977). A plaintiff seeking a TRO or preliminary injunction must establish four elements, including that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A plaintiff must demonstrate more than just a "possibility" of irreparable harm and a strong showing of likelihood of success on the merits. Id. at 22.

From the Complaint, the Court gleans that Plaintiff is challenging Defendants' title and ownership of real property located at 83 Beatties Ford Road in Charlotte, North Carolina and their right to take possession of, or foreclose on, that property. In his TRO Motion, Plaintiff argues that "[a]bsent injunctive relief from this Court, an illegal and fraudulent act . . . will take place by the Defendant on May 4th, 2018" and that "if this motion is not granted, the Defendants' illegal action may force Plaintiff[ ] out of his home before this Court can adjudicate this case." (Doc. No. 3 at 2). Plaintiff does not identify the act he expects Defendants to take on May 4, 2018. He does, however, seek to enjoin Defendants from selling "the home" or enforcing any

rights to foreclose on the property. (TRO Mot. 2).

Because the Complaint is incomplete, the Court is unable to determine whether it has subject matter jurisdiction over this action in the first instance. See In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."). The pages filed cite only North Carolina law. Likewise, the Complaint is too incomplete for the Court to determine whether Plaintiff is likely to succeed on the merits or to suffer irreparable harm in the absence of preliminary relief. See Winter, 555 U.S. at 20. Nor can the Court determine if the balance of equities tips in Plaintiff's favor or if an injunction is in the public interest. See id. In short, the Court cannot grant Plaintiff a temporary restraining order based on so little information. Plaintiff's Motion shall, therefore, be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is **GRANTED**;
2. Plaintiff's "Motion for an Emergency Temporary Injunction and or a Temporary Injunction and Request for Hearing via Phone" (Doc. No. 3) is **DENIED**; and
3. Plaintiff shall have ten (10) days from entrance of this Order to file an amended complaint as directed herein.

Signed: May 16, 2018

Robert J. Conrad, Jr.
United States District Judge